## WORCESTER COUNTY INSTITUTION FOR SAVINGS *vs.* ISAAC DAVIS.

The description of a promissory note, in a sealed guaranty, as annexed thereto, and the omission to mention in the guaranty that the note is attested, and bears indorsements of payments of interest, will not exempt the guarantor from the payment of a note corresponding in all other particulars with the description in the guaranty.

A guaranty of a promissory note, expressly "waiving all right to demand and notice," cannot be contradicted by oral evidence of a contemporaneous agreement to collect the note from the principal debtor, and of laches in pursuing him.

SHAW, C. J. This action is brought upon a guaranty under seal, given by the defendant to the plaintiffs, as follows:

" Know all men, that, for value received, and waiving all right to demand and notice, I hereby guaranty to the Worcester County Institution for Savings, or its assigns, the payment, at the office of said institution, of a certain promissory note, hereto annexed, for three thousand dollars, dated December 23d 1850, signed Alpheus M. Merrifield as principal, and Alpheus Merrifield and Wm. T. Merrifield as sureties, payable on demand, with interest semiannually. In witness whereof I have hereunto set my hand and seal this twentieth day of April A. D. 1854.

" Isaac Davis. (Seal.) "

This specialty, whilst it is remarkable for the brevity of its words, is equally remarkable for fulness and clearness in the terms of the contract created by it. The plaintiffs are an institution created for the express purpose of receiving deposits of money, and keeping them invested in safe and interest-paying securities. The longer therefore a safe debt is continued unpaid, so much the better apparently for them. The note is described with precise accuracy in all its principal particulars, and for greater certainty is specified as annexed at the time of execution. It was not a note made in the ordinary course of mercantile business; the idea of its being a dishonored note, because overdue, can have no place. The note was made by a principal and two sureties, three or four years previously; one of the sureties had then been dead more than a year, and his estate was in process of settlement. By the terms of the contract, the guarantor exempted the institution from making any demand of any of the parties, and from giving him notice of any delinquency in the payment of interest or principal. By another of its terms he warranted all payments of interest and principal to be made at the office of the institution.

The defendant having admitted by the answer that he executed the instrument, and the plaintiffs having produced the note unpaid, it remained for the defendant to show some grounds of defence; and this leads us to a consideration of the exceptions.

The defendant offered to show that no note was annexed to the instrument when he signed it.

Strictly speaking, the defendant was estopped from denying that any note was annexed when he signed the guaranty, because he had admitted it by that act. If he intended to say that a different note was produced and exhibited at the negotiation, from that now appearing as annexed — in fact charging a fraudulent change in the note, and in effect a forgery — undoubtedly it would have been a good and meritorious defence; but such an imputation of fraud was expressly disclaimed at the argument.

If the true ground of objection is, as it seems to us, that the instrument of guaranty does not sufficiently refer to and describe the note produced, to identify it, then the true ground of defence would be, that the descriptive part is too uncertain to be intelligible, and therefore it is void for uncertainty. Let us examine it in this view. Did that description include this note ? The note now produced as annexed, compared with that described in the instrument, corresponds in amount, date, parties, principal and sureties, times of payment of principal and interest, and is payable to the plaintiffs or order. But it is said that the note produced is an attested note, and bears indorsements of payments of interest, and these are not mentioned in the description in the guaranty. True, these particulars are not mentioned ; but they are not repugnant, they are perfectly consistent with what is expressed, and therefore have no tendency to disprove the identity. Besides, they are unimportant particulars, not essential to a complete note. Then it is a clear rule of law, even in the construction of a deed of real estate, that if the descriptive part is correct in so many particulars as clearly to define and identify a parcel, although it is obviously incorrect and fails to correspond in one or more particulars, yet the estate passes. Such a mistake, known in conveyancing as *falsa demonstratio*, does not make the deed void.

Such a rule is essential to carry into effect the intent of parties, and afford security to the most important rights. To apply this rule to the present case : there being no intimation that any other note was in existence, corresponding in any one particular

45 *

with that described in the defendant's deed—for this instrument
under seal was his deed — supposing him not concluded by
estoppel from denying that this note was then annexed, and
the question an open one upon the proof, can there be the
least room to doubt that this note, then and now held by the
institution, was the same note which the defendant intended
and undertook to guaranty ?

Another exception is, that the defendant offered to show by
parol evidence that this guaranty was signed under an agree-
ment that the plaintiffs should collect this note from the estate
of Alpheus Merrifield, and that they were chargeable with laches
in not having so collected it; and that the plaintiffs knew, when
they first notified the defendant, that all claim was lost on
the estate of Alpheus Merrifield deceased, and on the other
signers.

As to the offer of parol evidence, it was an offer to prove facts
directly repugnant to the express terms of the contract; to intro-
duce a condition by parol, essentially changing the contract
and therefore was directly contrary to the rules of evidence, and
rightly rejected.   There was therefore no laches on the part of
the plaintiffs ; on the contrary, the defendant had exempted them
from the duty of making any demand and giving any notice.
It was competent for the defendant, at any time, to pay the
note at the office of the plaintiffs, and make it his own, so
as to avail himself of the means of obtaining payment of the
parties liable.

The other exceptions are all substantially considered in the
suggestions already made.   As they stand in the bill of excep-
tions, they are thus stated : That the estate of Alpheus Merri-
field, before it was distributed, was solvent, and the note might
have been collected from it; that the other promisors were men
of property, and that the note, if reasonable efforts had been
made, could have been collected of them ; and that the defend-
ant did not know of any default in the payment of interest or
principal until notified in July 1857.

The answer is, that the defendant, by his guaranty to the
plaintiffs that the whole should be paid to them at their own

office, had exempted them from any active measure ; that the legal effect of his contract was, that the proper parties should pay the interest and principal, at the times required by the terms of the note, without any demand on the part of the plaintiffs, and in default of their making such payments, he would make them himself.

The court are of opinion that all the evidence, offered by the defendant and rejected, was incompetent and rightly rejected.

*Exceptions overruled*

*P. C. Bacon & E. B. Stoddard,* for the defendant.
*G. F. Hoar & J. H. Hill,* for the plaintiffs.